PFE/MAR: July 2025
GJ#48

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.        ) | |
| ) | Case No. |
| ) | |
| **ARCELIA OTERO TIDWELL** ) | |
| **DAYTON LAYNE WAKEFIELD** ) | |
| **ROBERT MORGAN MADISON** ) | |
| **DANIEL EUGENE VICKERY** ) | |
| **RICHARD DOUGLAS HOLTZMAN** ) | |
| **JACOB DLEE EDWARDS** ) | |

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

**The Defendants and the Walker County Jail**

1. Between September 1, 2022, and through and including February 7, 2023, the Walker County Sheriff's Office ("WCSO") managed the Walker County Jail ("Jail") in Jasper, Alabama.

2. The Jail generally had two different day shifts and two different night shifts each week. Each shift was staffed by several officers who performed various duties related to the care, custody, and control of the pre-trial and post-conviction detainees housed there.

3. Between September 1, 2022, and February 7, 2023, and all other relevant times, defendants **ARCELIA OTERO TIDWELL, DAYTON LAYNE WAKEFIELD, DANIEL EUGENE VICKERY,**

> **RICHARD DOUGLAS HOLTZMAN**, and **JACOB DLEE EDWARDS** served as Correctional Officers with the Jail and were responsible for the custody, control, care, and safety of pre-trial and post-conviction detainees at the Jail.

4. Between October 19, 2022, and February 7, 2023, and all other relevant times, defendant **ROBERT MORGAN MADISON** served as a Correctional Officer with the Jail and was responsible for the custody, control, care, and safety of pre-trial and post-conviction detainees at the Jail.

5. Defendant **ARCELIA OTERO TIDWELL** was the Jail's Captain with principal responsibility for managing all custodial operations within the Jail.

6. Defendant **DANIEL EUGENE VICKERY** was a supervisor with responsibility for managing shifts of correctional officers at the Jail.

7. The Jail is a two-floor structure designed to hold approximately 250 detainees, consisting of several dorms designated by letter, a medical unit, and other specialty units.

8. A limited number of detainees were held for limited periods in observation cells in the "Booking" area. Booking contained a desk which formed the central hub of detainee intake, jail movement, communication, and operations. Eight Booking cells could be observed by officers several feet away at the Booking desk.

9. Among the eight Booking cells, BK5 was a concrete box with a small grate on the floor that opened into a hole for fluids to drain from the cell. Capable of being "flushed" only from outside of the cell, BK5 was often referred to as the "drunk tank" in that it could easily be hosed down when drunk people held there would vomit. BK5 typically housed a detainee for only a short period of time.

10. BK5 had no sink, no toilet, no bunk, nor a raised platform on which to sleep. Temperatures in BK5 and other Booking cells were routinely colder than other parts of the Jail.

11. Detainees housed in BK5 depended on correctional officers for their food, water, clothing, bedding, access to medical care, access to a toilet and shower, and communication with anyone outside the Jail.

12. Per Jail policies, as part of the booking process, correctional officers were expected to work with medical staff to ensure that all detainees booked into the Jail received a routine medical and mental health screening to determine, among other things, a detainee's urgent health needs and their fitness for confinement.

13. Correctional officers' duties included aiding medical staff, who worked for a contractor that provided medical and mental health services for the Jail, in arranging for individual detainees to be medically evaluated. Correctional officers' duties included escorting detainees to the Jail's medical unit and opening cells for medical personnel to access detainees.

**The Arrest, Detention, and Death of Individual #1**

14. On January 12, 2023, WCSO deputies responded to the home of Individual #1, a 33-year-old man, after a request from Individual #1's family that deputies conduct a mental health welfare check. Deputies arrested Individual #1 after he fired a gun while law enforcement was on his property.

15. Individual #1 was held at the Jail as a pre-trial detainee from on or about January 12, 2023, through on or about January 26, 2023.

16. During the entirety of his two-week detention, Individual #1 was housed in cell BK5.

17. During much of his two-week detention, Individual #1 had no blanket, mattress, or clothing, and was routinely left naked on the bare concrete floor.

18. During much of his two-week detention, Individual #1 was routinely covered in feces and was not provided with regular opportunities to shower or use a toilet. During approximately the last five days of Individual #1's detention, he was not removed from BK5 and was given no opportunity to shower or use a toilet.

19. During his two-week detention, Individual #1 appeared to need medical and mental health treatment, including regularly demonstrating signs that he was experiencing delusions.

20. During Individual #1's two-week detention, defendants **ARCELIA OTERO TIDWELL**, **DAYTON LAYNE WAKEFIELD**, **ROBERT MORGAN MADISON**, **DANIEL EUGENE VICKERY**, **JACOB DLEE EDWARDS**, and other co-conspirators known and unknown to the grand jury, failed to provide Individual #1 with constitutional conditions of confinement including, but not limited to, adequate food, water, clothing, shelter, sanitation, and medical and mental health care.

21. On January 26, 2023, after Individual #1's two-week detention, a nurse examined Individual #1 and reported that he was cool to the touch, emaciated, dehydrated, and not communicating verbally. Individual #1 was carried to a patrol vehicle to be transported to the hospital. Upon arrival at the hospital parking lot, Individual #1 suffered cardiac arrest. Hospital personnel attempted lifesaving measures, and Individual #1 died a few hours later.

22. Hospital personnel documented Individual #1's core body temperature as 72 degrees Fahrenheit.

23. A Medical Examiner for the State of Alabama performed an autopsy on Individual #1 and found Individual #1's death to be a homicide caused by "hypothermia," "sepsis resulting from infected injuries obtained during incarceration," and "medical neglect."

**Assault of Individual #3**

24. On November 1, 2022, Individual #2 was a 43-year-old detainee awaiting sentencing and housed in the Jail's B dorm.

25. On November 1, 2022, Individual #3 was an 18-year-old pre-trial detainee housed in the Jail's E dorm.

26. From on or about September 1, 2022, to February 7, 2023, defendants **ARCELIA OTERO TIDWELL**, **RICHARD DOUGLAS HOLTZMAN**, and other co-conspirators known and unknown to the grand jury, offered payment, such as "free-world" food, to Individual #2 for acting as an "enforcer" in the Jail's B dorm, which included, among other acts, assaulting Individual #3.

27. On November 1, 2022, Individual #2 physically assaulted Individual #3 after Individual #3 was transferred to the Jail's B dorm.

28. After Individual #2 physically assaulted Individual #3, **DAYTON LAYNE WAKEFIELD, RICHARD DOUGLAS HOLTZMAN**, and other co-conspirators known and unknown to the grand jury offered "free-world" food to Individual #2 as payment for assaulting Individual #3.

29. Defendants **ARCELIA OTERO TIDWELL** and **RICHARD DOUGLAS HOLTZMAN** provided a letter to a sentencing court for a February 7, 2023, sentencing proceeding on behalf of Individual #2, falsely attesting to his peaceful character, including falsely asserting that Individual #2 "has shown zero signs of aggression and has been a model inmate," as payment for Individual #2's assaulting Individual #3 and others.

**Assault of Individual #4**

30. On November 17, 2022, Individual #4 was a 32-year-old pre-trial detainee held at the Jail.

5

31. On November 17, 2022, an outside door of the Jail was opened, which allowed Individual #4 to escape the facility. Captured a few hours later by WCSO deputies, Individual #4 was returned to the Jail and escorted to a cell in the A dorm.

32. On or about November 17, 2022, defendants **RICHARD DOUGLAS HOLTZMAN**, **DANIEL EUGENE VICKERY**, and other co-conspirators known and unknown to the grand jury, physically assaulted Individual #4 after he had been restrained in the Jail's A dorm, causing Individual #4 to bleed from his face and covering part of another co-conspirator's pants with Individual #4's blood.

33. On or about November 17, 2022, defendant **ARCELIA OTERO TIDWELL** and other co-conspirators known and unknown to the grand jury met with several correctional officers; criticized the correctional officers who had been on shift when Individual #4 escaped; praised the co-conspirator whose pants had been covered in blood and others for physically assaulting Individual #4; and encouraged similar conduct in the future from the correctional officers to punish detainees.

**Assault of Individual #5**

34. On January 9, 2023, Individual #5 was a 38-year-old pre-trial detainee held at the Jail in cell RX3, located in the medical unit, where he awaited medical attention for injuries that he had suffered earlier in the day.

35. On or about January 9, 2023, defendant **RICHARD DOUGLAS HOLTZMAN** physically assaulted Individual #5 after he had been restrained in cell RX3, causing Individual #5 to bleed from his face, fracturing bones in Individual #5's head, and covering parts of the cell and medical unit floor in Individual #5's blood.

**Assault of Individual #6**

36. On January 12, 2023, Individual #6 was a 31-year-old pre-trial detainee held at the Jail.

37. On or about January 12, 2023, defendant **DAYTON LAYNE WAKEFIELD** and other co-conspirators known and unknown to the grand jury physically assaulted Individual #6 by punching him while Individual #6 was restrained near the Jail's A dorm, causing Individual #6 to bleed from his face.

## COUNT ONE
## 18 U.S.C. § 242
### (Deprivation of Rights)

38. Paragraphs 1 through 37 are hereby incorporated in the count set forth below.

39. On or about January 12, 2023, through on or about January 26, 2023, in Walker County, Alabama, within the Northern District of Alabama, the defendants,

**ARCELIA OTERO TIDWELL,**
**DAYTON LAYNE WAKEFIELD,**
**ROBERT MORGAN MADISON,**
**DANIEL EUGENE VICKERY, and**
**JACOB DLEE EDWARDS,**

while acting under color of law, aiding and abetting others and each other, willfully deprived Individual #1 of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without the due process of law, which includes the right not to be subjected to deliberate indifference to any condition or combination of conditions that create a substantial risk of serious

harm. Specifically, defendants **ARCELIA OTERO TIDWELL**, **DAYTON LAYNE WAKEFIELD**, **ROBERT MORGAN MADISON, DANIEL EUGENE VICKERY, and JACOB DLEE EDWARDS** deprived Individual #1 of humane conditions of confinement including, but not limited to, depriving Individual #1 of adequate food, clothing, shelter, sanitation, and medical and mental health care, and were deliberately indifferent to a substantial risk of serious harm these deprivations created. The offense resulted in bodily injury to, and the death of, Individual #1.

All in violation of Title 18, United States Code, Sections 242 and 2.

## COUNT TWO
## 18 U.S.C. § 242
## (Deprivation of Rights)

40. Paragraphs 1 through 37 are hereby incorporated in the count set forth below.

41. On or about January 9, 2023, in Walker County, Alabama, within the Northern District of Alabama, the defendant,

**RICHARD DOUGLAS HOLTZMAN,**

while acting under color of law, willfully deprived Individual #5 of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without the due process of law, which includes the right to be free from unreasonable force by a law enforcement officer. Specifically, defendant

**RICHARD DOUGLAS HOLTZMAN** unjustifiably assaulted and beat Individual #5 and slammed Individual #5's head into the cell floor, while Individual #5 was handcuffed.

The offense involved the use of a deadly weapon, to wit: a concrete floor, and resulted in bodily injury to Individual #5.

All in violation of Title 18, United States Code, Sections 242 and 2.

## COUNT THREE
## 18 U.S.C. § 242
### (Deprivation of Rights)

42. Paragraphs 1 through 37 are hereby incorporated in the count set forth below.

43. On or about January 12, 2023, in Walker County, Alabama, within the Northern District of Alabama, the defendant,

**DAYTON LAYNE WAKEFIELD,**

while acting under color of law, aiding and abetting others known and unknown to the grand jury, willfully deprived Individual #6 of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without the due process of law, which includes the right to be free from unreasonable force by a law enforcement officer. Specifically, **DAYTON LAYNE**

**WAKEFIELD** and those he aided and abetted unjustifiably assaulted and beat Individual #6 while he was handcuffed, resulting in bodily injury to Individual #6.

All in violation of Title 18, United States Code, Sections 242 and 2.

## COUNT FOUR
## 18 U.S.C. § 242
## (Deprivation of Rights)

44. Paragraphs 1 through 37 are hereby incorporated in the count set forth below.

45. On or about November 17, 2022, in Walker County, Alabama, within the Northern District of Alabama, the defendants,

**DANIEL EUGENE VICKERY and**
**RICHARD DOUGLAS HOLTZMAN,**

while acting under color of law, aiding and abetting each other and others, willfully deprived Individual #4 of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without the due process of law, which includes the right to be free from unreasonable force by a law enforcement officer. Specifically, the above-named defendants and those they aided and abetted unjustifiably assaulted and beat Individual #4 while he was handcuffed, resulting in bodily injury to Individual #4.

All in violation of Title 18, United States Code, Sections 242 and 2.

## COUNT FIVE
## 18 U.S.C. § 241
## (Conspiracy Against Rights)

46. Paragraphs 1 through 37 are hereby incorporated in the count set forth below.

47. On or about September 1, 2022, and continuing through on or about February 7, 2023, in Walker County, Alabama, within the Northern District of Alabama, the defendants,

> ARCELIA OTERO TIDWELL,
> DAYTON LAYNE WAKEFIELD,
> ROBERT MORGAN MADISON,
> DANIEL EUGENE VICKERY,
> RICHARD DOUGLAS HOLTZMAN, and
> JACOB DLEE EDWARDS,

willfully combined, conspired, and agreed with one another, and with other persons known and unknown to the grand jury, to injure, oppress, threaten, and intimidate Jail detainees in the free exercise and enjoyment of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the rights to be free from: unconstitutional conditions of confinement; a known substantial risk of attack by another detainee; and the use of unreasonable force by law enforcement officers. The offense resulted in bodily injury to, and the death of, Individual #1.

**Object, Manner, and Means of the Conspiracy**

48.     It was the object of the conspiracy for defendants **ARCELIA OTERO TIDWELL, DAYTON LAYNE WAKEFIELD, ROBERT MORGAN MADISON, DANIEL EUGENE VICKERY, RICHARD DOUGLAS HOLTZMAN, JACOB DLEE EDWARDS**, and co-conspirators known and unknown to the grand jury, to unlawfully punish detainees in the Jail for the detainees' perceived misbehavior. The manner and means through which **DEFENDANTS** and co-conspirators did so included physically abusing detainees; causing a detainee to physically abuse other detainees; and acting with deliberate indifference to a substantial risk of serious harm to Individual #1 by depriving him of humane conditions of confinement including, but not limited to, adequate food, water, clothing, shelter, sanitation, and medical and mental health care.

All in violation of Title 18, United States Code, Section 241.

### COUNT SIX
### 18 U.S.C. § 1503
(Obstruction of Justice)

49.     Paragraphs 1 through 37 are hereby incorporated in the count set forth below.

50.     On or about February 7, 2023, in Walker County, Alabama, within the Northern District of Alabama, the defendants,

**ARCELIA OTERO TIDWELL and**

12

## RICHARD DOUGLAS HOLTZMAN,

aiding and abetting each other and others, did corruptly endeavor to influence, intimidate, and impede an officer of the United States District Court for the Northern District of Alabama in the discharge of that officer's judicial duties, and did corruptly influence, obstruct, and impede, and endeavor to influence, obstruct, and impede the due administration of justice, by submitting a letter for consideration by the judicial officer presiding over the sentencing of Individual #2 in *United States v. [Individual #2]*, that contained materially false assertions that Individual #2 "has shown zero signs of aggression and has been a model inmate" at the Walker County Jail when, in truth and in fact, the letter was submitted after Individual #2 assaulted at least one other detainee at the Walker County Jail as described in Count Five above.

All in violation of Title 18, United States Code, Section 1503.

A TRUE BILL


FOREPERSON OF THE GRAND JURY


**PRIM F. ESCALONA**
United States Attorney


*/s/ Electronic Signature*
**MICHAEL A. ROYSTER**
Assistant United States Attorney

**HARMEET K. DHILLON**
Assistant Attorney General
Civil Rights Division


*/s/ Electronic Signature*
**MARK BLUMBERG**
Special Legal Counsel
Civil Rights Division


*/s/ Electronic Signature*
**ANDREW CHERRY**
Trial Attorney
Civil Rights Division